Lewis, Ch. J.
delivered the opinion of the court. The objections to the plaintiff’s recovery, on this statement of facts, are,
1st. That he had no right to abandon after the acquittal of the property insured. See Muir v. United Ins Co., ante, 53, note (a).
2d. That the abandonment was out of time.
3d. That he was bound to have procured another vessel.
4th. That the defendant was not bound by the adjustment.
It is stated in the case, that the vessel sailed about the 17th of May, 1800 ; but when she was captured, or when condemned, does not appear. It appears, however, that though the trunk of goods, on which the insurance was made, was, by the sentence of the court of vice-admiralty decreed to be restored, the plaintiff could not regain the possession of it, and that he abandoned it to the underwriters, on the 22d of October following.
Within what precise period an abandonment ought to be made has never been determined. The time permitted to *562 elapse between, the condemnation, order of restitution, and abandonment in the present instance, cannot be inferred from anything in the case. It is certain, however, that the loss was total on the 22d of October, and has so [*450] continued *to the present moment. The voyage to St. Jago de Cuba, was completely broken up, and the plaintiff has never had it in his power to convey the goods thither, even had it been incumbent on him so to do, for he has not been able to recover the possession of them. There is no ground, then, on which either the first, second, or third objections can be supported. Had the plaintiff even recovered the possession of his goods, it would not, in my opinion, alter the case. • Ho direct intercourse can be presumed to subsist between the colonial ports of two belligerents; and were the" contrary the fact, this is not a case imposing an obligation on the plaintiff to procure another vessel.
The fourth is rather an objection to the quantum of damages, than to the right of recovery. By the general permission in the policy, to labor, &c. without prejudice, &c. the insurer became liable to an average of the expense incurred in the attempt to recover the.captured property .(a) It is true, he was not bound by the adjustment of Mr. Ferrers, and was at liberty to have shown that it was erroneous. But this was not even attempted. A circumstance which, when taken in connection with the character and employment of that gentleman, will warrant the conclusion that his adjustment is correct. We are, therefore, of opinion, judgment be for the plaintiff, for the largest sum found by the jury.
Judgment for a total loss and expenses.

 Though it exceed the amount of his subscription. Lawrence & Whitney v. Van Horne & Clarkson, 1 Caines’ Rep. 276. Watson r. Mar. Ins, Co., 1 Johns. Rep. 62.